UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICE LABIT AND MORRIS BART, LLC<br>　　　　　　　　　　PLAINTIFFS<br><br>VERSUS<br><br>ANPAC LOUISIANA INSURANCE COMPANY AND U.S. BANK HOME MORTGAGE<br>　　　　　　　　　　DEFENDANTS | CIVIL ACTION NO.: 2:23-cv-2853<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## NOTICE OF REMOVAL

American National Property and Casualty Company ("ANPAC"), as successor-in-interest to ANPAC Louisiana Insurance Company named in the above captioned civil action, without waiving any of its defenses, hereby removes this civil action originally filed in the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, to this Honorable Court. In support of removal, ANPAC submits, as follows:

## REMOVAL IS TIMELY

1.

On or about June 21, 2023, plaintiffs, Patrice Labit and Morris Bart, LLC filed a Petition for Declaratory Judgment and Damages ("Petition") in the 40th Judicial District Court for the Parish of St. John the Baptist, naming ANPAC Louisiana Insurance Company and U.S. Bank Home Mortgage as the only defendants.

2.

This Notice of Removal is timely "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…." 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe*

1

*Stringing*, 526 U.S. 344, 347-8, 119 S.Ct. 1322, 1325, 143 L.Ed. 2d 448 (1999) ("Accordingly, we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

3.

ANPAC was served with the Petition through CT Corporation, ANPAC LA's previously registered agent for service of process, on June 30, 2023. *See* **Exhibit 1.** The Petition and Citation were later provided to ANPAC. This Notice of Removal is timely because it was filed within 30 days of ANPAC being served with the Petition.

4.

According to the St. John the Baptist Parish Court's **records**, as of the date of this filing, service has not been made on U.S. Bank Home Mortgage. The record shows that the Long Arm Citation was issued on June 21, 2023. *See* **Exhibit 3.** No attorneys are listed for U.S. Bank Home Mortgage.

5.

Undersigned counsel has attempted to locate and contact the other named defendant, U.S. Bank Home Mortgage, which does not appear to be an independent legal entity, but rather a department of U.S. Bank. According to the LA Secretary of State, the U.S. Bank name was registered to United States National Bank of Oregon, which appears to have been acquired by U.S. Bank National Association. *See* **Exhibit 4**. The address to which Long Arm Service was issued in this litigation is a property of U.S. Bank in Ohio. *See Petition* at pg. 5. The Ohio Secretary of State shows that U.S. Bank has a registered office in Ohio but lists it as a foreign entity. *See*

**Exhibit 5**.  Upon further investigation, undersigned counsel determined that U.S. Bank is a domestic entity in Minnesota (*see* **Exhibit 6**) but did not find any evidence that U.S. Bank maintains any corporate presence in Louisiana, or that any independent legal entity named "U.S. Bank Home Mortgage" exists.  Undersigned counsel has also spoken with numerous U.S. Bank employees, but to date has not received confirmation from any U.S. Bank representative that the defendant named in this litigation is or is not a legal entity.

6.

Accordingly, ANPAC contends that the other named defendant in this matter, U.S. Bank Home Mortgage, has been improperly and/or fraudulently joined and, therefore, the date of service, citizenship, and/or consent of U.S. Bank Home Mortgage has no bearing on whether this matter was timely and properly removed by ANPAC.  *See, e.g.*, *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575-76 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).

## **VENUE IS PROPER**

7.

Venue is proper in this judicial district under 28 U.S.C. § 1441(a).  This civil action is removed from the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana.  For purposes of 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Louisiana "is the district court of the United States for the district and division within which such action is pending."

## REMOVAL BASED UPON DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

8.

This civil action is properly removed based upon diversity jurisdiction under 28 U.S.C. § 1332(a). Under 28 U.S.C. § 1332(a), this Honorable Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." The amount in controversy for the claims presented by plaintiff exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between plaintiffs and defendants.

### A.    Complete Diversity Exists Between Plaintiffs And Defendants

9.

In the Petition, plaintiff, Patrice Labit, alleges that she is a "person of the full age of majority and a resident of the State of Louisiana." *See Petition* at Preamble. The subject property, located at 1828 Meeker Loop, LaPlace, Louisiana, is a residential home for which the plaintiff seeks damages in addition to compensation for diminution in property value and additional living expenses. *See Petition at* ¶¶ II, XVII. For purposes of federal diversity jurisdiction, federal courts do not equate citizenship with residence; rather, citizenship is equated with domicile. *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ("With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile."); *Preston v. Tenet Health System Memorial Medical Center, Inc.,* 485 F.3d 793, 797 (5th Cir. 2007) (when "determining diversity jurisdiction, the state where someone established his domicile serves a dual function as his state of citizenship."). "Domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 1608 (1989).

10.

"Residence in fact, and the intention of making the place of residence one's home, are essential elements of domicile . . . the actual fact of residence and a real intention of remaining there, as disclosed by his entire course of conduct, are the controlling factors in ascertaining his domicile." *Stine*, 213 F.2d at 448; *see also, Preston*, 485 F.3d at 798 ("Domicile requires the demonstration of two factors: residence and the intention to remain"). "Evidence of a person's place of residence, however, is prima facie proof of his domicile." *Hollinger v. Home State Mutual Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011). Accordingly, plaintiff's admission that she is a resident of Louisiana and that she owns the property located at 1828 Meeker Loop, LaPlace, Louisiana, which is a residential home for which the plaintiff seeks damages in addition to compensation diminution of property value and additional living expenses, is prima facie evidence that her domicile is in the State of Louisiana.

11.

In the Petition, plaintiff, Morris Bart, LLC, alleges it is a "limited liability company organized under the laws of the State of Louisiana, with its sole member domiciled in Orleans Parish." *See Petition* at Preamble. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077 (5th Cir. 2008).

12.

The Petition is silent as to the identity of the sole member of Morris Bart, LLC, a limited liability company organized under the laws of the state of Louisiana, but does expressly state that the sole member is domiciled in Orleans Parish. Upon information and belief, and according to the Louisiana Secretary of State website, Morris Bart, III is the sole member of Morris Bart, LLC

and is domiciled in Orleans Parish, Louisiana. *See* **Exhibit 7**. Morris Bart, LLC is therefore a citizen of the State of Louisiana, where its sole member is domiciled and is a citizen for the purpose of determining diversity of citizenship in this litigation.

13.

The first named defendant, ANPAC Louisiana Insurance Company, was a domestic insurance company that ceased operations in Louisiana prior to the plaintiff filing this lawsuit. ANPAC Louisiana merged into its affiliate American National Property and Casualty Company effective December 31, 2022, and ANPAC Louisiana no longer exists as a separate entity. As a result of the merger, ANPAC assumed responsibility for all ANPAC Louisiana policies (other than Texas surplus lines policies), including the one issued to plaintiff. *See* **Exhibit 2**. Thus, ANPAC and ANPAC Louisiana Insurance Company are no longer separate entities, ANPAC is the only existing defendant in this lawsuit, and ANPAC is the insurer responsible for the policy at issue in this matter.

14.

American National Property and Casualty Company is a non-governmental corporate party. ANPAC is an insurance corporation organized and existing under the laws of the State of Missouri with its principal place of business in Springfield, Missouri. *Id.* Thus, for purposes of removal under 28 U.S.C. §§ 1332(a) and 1441, ANPAC is a citizen of the State of Missouri, where it was organized and where it maintains its principal place of business, for the purpose of determining diversity of citizenship in this litigation.

15.

As stated above, upon investigation, information and belief, named defendant, U.S. Bank Home Mortgage, is not a legal entity, has been improperly and/or fraudulently joined and,

therefore, the date of service, citizenship, and/or consent of U.S. Bank Home Mortgage has no bearing on whether this matter was timely and properly removed by ANPAC. *See, e.g.*, *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 575-76 (5th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 992 (2005); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993). Out of an abundance of caution and thoroughness, ANPAC further avers that, should U.S. Bank be determined to be a defendant, be properly served, or otherwise be properly brought into this suit at a later date, upon information and belief, U.S. Bank is a domestic entity in Minnesota, has no corporate presence in Louisiana, and would therefore not defeat complete diversity if joined as a defendant in this litigation. *See* **Exhibit 6.**

16.

Accordingly, complete diversity exists between plaintiffs, Patrice Labit and Morris Bart, LLC (Louisiana), and defendant, ANPAC (Missouri), the only properly named and joined defendant. Therefore, this action is properly removed based upon diversity under 28 U.S.C. §§ 1332(a) and 1441.

**B.     The Amount In Controversy Exceeds $75,000.00, Exclusive Of Interest And Costs**

17.

In accordance with 28 U.S.C. § 1332(a), the amount in controversy required to establish diversity jurisdiction must exceed $75,000.00, exclusive of interest and costs.

18.

It has been established by the United States Fifth Circuit that "the removing defendant can meet its burden of proving by a preponderance of the evidence that the amount in controversy has been met by showing… that it is 'facially apparent' from the petition that the amount in controversy likely exceeds the jurisdictional amount." *Luckett v. Delta Airlines, Inc*., 171 F.3d

7

295, 298 (5th Cir. 1999). Although the Petition is silent as to the amount in controversy, the lack of specific monetary damage alleged in the Petition does not end the inquiry into the amount in controversy—if a plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that a removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Simon v. Wal-Mart Stores,* 193 F.3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995); *see also DeAguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). A defendant may either show that it is facially apparent that the plaintiff's claims exceed the jurisdictional amount or by setting forth the facts in dispute for a finding that the jurisdictional amount is satisfied. *Simon,* 193 F.3d at 850; *Allen,* 63 F.3d at 1335. However, as held by the United States Supreme Court, while a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," it does not need to incorporate evidence supporting that allegation. *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014). Here, it is facially apparent that plaintiffs' claims exceed the jurisdictional amount.

19.

ANPAC contests that any amount is owed to plaintiff and has numerous defenses to the claims presented in this lawsuit. For purposes of removal, however, this Honorable Court should look to the amount being claimed by plaintiff without reference to any potential defenses that may exist as to those claims. *See St. Paul Mercury Ind. Co. v. Red Cab Co.*, 303 U.S. 283, 292, 58 S. Ct. 586, 592, 82 L. Ed. 845 (1938) ("for the fact that it appears from the face of the complaint that a defendant has a valid defense, if asserted, to all or a portion of the claim, or the circumstance that the rulings of the district court after removal reduce the amount recoverable below the jurisdiction requirement, will not justify remand."); *see also Marcel v. Pool Co.,* 5 F.3d 81, 84 (5th Cir. 1993).

20.

Plaintiffs allege in the *Petition* that Patrice Labit's property, located at 1828 Meeker Loop, LaPlace, Louisiana ("Property"), was damaged by Hurricane Ida on August 29, 2021. *Petition* at ¶ V. Plaintiffs claim that ANPAC tendered $18,701.64 for damage to the property. *Petition* at ¶ VIII. Plaintiffs further allege that they issued "an itemized estimate of all losses documenting $90,128.25 in damages. *Id.* at ¶ VII. Plaintiffs claim that payments made by ANPAC were inadequate to compensate Patrice Labit for losses to the Property caused by Hurricane Ida. *Id.* at ¶ XVI.

21.

Plaintiff further claims that ANPAC failed to fulfill its obligations under the policy of insurance and is liable to plaintiff statutory penalties and attorney's fees under LSA-R.S. 22:1892 and 22:1973. *Petition* at ¶ XVIII.

22.

Because plaintiffs are claiming entitlement to statutory penalties and attorneys' fees for ANPAC's alleged arbitrary and capricious acts, this Honorable Court should consider potential recovery for statutory penalties in determining the amount in controversy for the purpose of diversity jurisdiction. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Gelvin v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1354855 (E.D. La. 2012); *Vizzini v. Amy Falcon Ins. Agency, Inc.*, 2008 WL 686890 (E.D. La. 2008).

23.

Plaintiffs are seeking at least $71,426.61 (the amount of plaintiffs' estimate less the prior payment) under the policy. Plaintiffs also seek penalties and attorney's fees under LSA-R.S. § 22:1892, which amounts are in addition to the amount of loss. LSA-R.S. § 22:1892 provides a

mandatory penalty of "fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs." LSA-R.S. § 22:1892. Louisiana and federal courts have recognized that the customary fees for a claim of this type is a contingency fee of 33% applied to the amount recovered, although some courts have awarded higher percentages. *See, generally, Doyle v. Allstate Insurance Co.*, 2006 WL 3916579 (W.D. La.2006); *Dixon v. First Premium Ins. Group*, 934 So.2d 134 (La.App. 1st Cir. 2006) (awarding as much as $25,000 in fees on a $19,000 homeowner's insurance claim); *Francis v. Travelers Ins. Co.*, 581 So.2d 1036 (La.App. 1st Cir.1991) (attorneys' fees premised on a 1/3 contingency fee agreement); *Gelvin v. State Farm Mutual Automobile Insurance Company*, 2012 WL 1354855, *3 (E.D.La.2012) (potential award of attorney's fees under LSA-R.S. § 22:1892 based on a 40% contingency fee on the full amount of the potential award of damages and penalties). Thus, plaintiffs are seeking at least an additional $35,713.31 plus attorney's fees, as well as unspecified amounts for Loss of Use/Additional Living Expenses, loss of enjoyment of property, and mental anguish. *See Petition* at ¶ XVII.

24.

Removal is permitted where the facts in dispute support a finding that the claims presented exceed the jurisdictional amount. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Considering the foregoing allegations in plaintiffs' *Petition* against ANPAC with regard to the claims under the alleged policy, penalties and attorney fees, it is clear that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

25.

Considering the above, complete diversity exists between plaintiffs and defendant. The amount in controversy for the claims presented by plaintiffs exceeds $75,000.00, exclusive of

interest and costs. This Honorable Court has jurisdiction over this civil action in accordance with 28 U.S.C. §§ 1332(a) and 1441(a).

26.

Attached hereto as **Exhibit 8** are the pleadings and documents filed into the record of the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, in accordance with 28 U.S.C. § 1446(a). After the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of Court for the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana, as provided by law.

**WHEREFORE**, defendant, American National Property and Casualty Company, hereby removes this civil action to this Honorable Court and request that jurisdiction be assumed over all the claims made in this civil action, and that this civil action be maintained in the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS
   SIMPSON LONERO, LLC**
Suite 500 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: (504) 834-6500
Fax: (504) 834-6565

**BY:** */s/ Angie Arceneaux Akers*
**JAY M. LONERO, T.A. (No. 20642)**
   jlonero@lpwsl.com
**ANGIE A. AKERS (No. 26786)**
   aakers@lpwsl.com
**CHRISTOPHER R. BURGE (No. 39473)**
   cburge@lpwsl.com

**ATTORNEYS FOR AMERICAN NATIONAL
PROPERTY AND CASUALTY COMPANY**

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of July, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                                             */s/ Angie Arceneaux Akers*